# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**PATRICIA KENNEDY,**

      **Plaintiff,**

**v.**                                                    **Case No:   6:16-cv-2128-Orl-22KRS**

**SKYVIEW PLAZA, LLC, PB & PL PIZZA, INC., LILY'S BEACHSIDE DINER, LLC., SUNSHINE NAILS ON THE BEACH , INC., TAMMY TRAN, BLUE DOG GROUP, INC. and THE FINAL D, INC.,**

      **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

On December 15, 2016, I ordered Plaintiff to show cause why this case should not be severed into six separate lawsuits and why Plaintiff should not be required to pay separate filing fees for each of those lawsuits. Doc. No. 10. This matter comes before the Court following Plaintiff's response to the Order to Show Cause. Doc. No. 13. For the reasons explained below, I respectfully recommend that the Court sever this case into six separate lawsuits and require Plaintiff to pay separate filing fees for each of those lawsuits.

**I.    PROCEDURAL BACKGROUND.**

On December 12, 2016, Plaintiff, Patricia Kennedy, initiated this action against seven Defendants: (1) Skyview Plaza, LLC ("Skyview"); (2) PB & PL Pizza, Inc. a/k/a Bizzarro Pasta and Pizza ("PB & PL Pizza"); (3) Lily's Beachside Diner, LLC ("Lily's Beachside Diner"); (4-5) Sunshine Nails on the Beach, Inc. ("Sunshine Nails") and Tammy Tran ("Tran"); (6) Blue Dog

Group, Inc. a/k/a Sports Page Bar and Grill ("Blue Dog Group"); and (7) The Final D, Inc., d/b/a The Final Dimension ("The Final D"). Doc. No. 1. She asserts claims under Title III of the Americans with Disabilities Act ("ADA") and the Florida Americans with Disabilities Accessibility Implementation Act ("FADAI") against all seven Defendants. *Id.*

Plaintiff alleges that she is a qualified individual under the ADA and the FADAI because she has physical impairments that require her to use a wheelchair to ambulate. *Id.* ¶¶ 5-6. Skyview is the landlord of a shopping center located at 202-254 Highway A1A in Satellite Beach, Florida. *Id.* ¶ 8; Doc. No. 13, at 4. The remaining Defendants are tenants at Skyview's shopping center.[1] Doc. No. 1 ¶¶ 10-19. In her complaint, Plaintiff alleges that she visited the shopping center "in or about 2016"[2] to conduct business but that she encountered various ADA and FADAI violations that prevented her from having full access to the shopping center. *Id.* ¶ 25. Plaintiff divides those violations up into the following categories and counts:

- Parking violations (for which Skyview is asserted to be liable) (*id.* ¶ 35(a)-(b) and Counts I-II);

- Violations at Bizzarro Pasta and Pizza (for which Skyview and PB & PL Pizza are alleged to be liable) (*id.* ¶ 35(c)-(l) and Counts I-IV);

- Violations at Lily's Beachside Diner (for which Skyview and Lily's Beachside Diner are alleged to be liable) (*id.* ¶ 35(m)-(i) and Counts I-II and V-VI);

- Violations at Sunshine Nails (for which Skyview, Sunshine Nails, and Tran are alleged to be liable) (*id.* ¶ 35(v)-(aa) and Counts I-II and VII-VIII);

- Violations at Sports Page Bar and Grill (for which Skyview and Blue Dog Group are alleged to be liable) (*id.* ¶ 35(bb)-(jj) and Counts I-II and IX-X); and

- Violations at Final Dimension (for which Skyview and The Final D are alleged to be liable) (*id.* ¶35(kk)-(pp) and Counts I-II and XI-XII).

---

[1] Sunshine Nails and Tran are alleged to be the co-owners, lessees, or operators of a salon located in the shopping center. Doc. No. 1 ¶ 15.

[2] In her response to my Order to Show Cause, Plaintiff asserts that she encountered all of the ADA violations on the same day, Doc. No. 13, at 5, but the complaint does not so specify.

## II.   STANDARD OF REVIEW.

Federal Rule of Civil Procedure 20(a)(2) provides that persons may be joined in one action as defendants if:

(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all defendants will arise in the action.

"Courts are 'strongly encouraged' to join claims, parties, and remedies, 'and the [r]ules are construed towards 'entertaining the broadest possible scope of action consistent with fairness to the parties." *Rhodes v. Target Corp.*, 313 F.R.D. 656, 660 (M.D. Fla. 2016) (internal quotation marks omitted) (quoting *Edward-Bennett v. H. Lee Moffitt Cancer & Research Inst., Inc.*, No. 8:13-cv-00853-T-27TGW, 2013 WL 3197041, at *1 (M.D. Fla. June 21, 2013)).

Whether multiple claims arise from the same transaction, occurrence, or series of transactions or occurrences depends on whether a "logical relationship" exists between the claims. *Id.* (citing *Alexander v. Fulton Cnty., Ga.*, 207 F.3d 1301, 1323 (11th Cir. 2000), overruled on other grounds by *Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003)).   "Under this test, a logical relationship exists if the claims rest on the same set of facts or the facts, on which one claim rests, activate additional legal rights supporting the other claim." *Smith v. Trans-Siberian Orchestra*, 728 F. Supp. 2d 1315, 1319 (M.D. Fla. 2010) (citing *Republic Health Corp. v. Lifemark Hosp. of Fla.*, 755 F.2d 1453, 1455 (11th Cir. 1985)).   That is, "there is a logical relationship when 'the same operative facts serve as the basis of both claims.'" *Republic Health,* 755 F.2d at 1455 (quoting *Plant v. Blazer Fin. Servs., Inc.,* 598 F.2d 1357, 1361 (5th Cir. 1979)).

Although the logical relationship standard is loose, similar issues of liability alone are not enough to warrant joinder; the claims must also share operative facts. *Rhodes*, 313 F.R.D. at 659 (citing *Edwards-Bennett*, 2013 WL 3197041 at *2).   Indeed, courts often sever claims brought

against unrelated defendants when the only similarity between them is that they are alleged to have violated the same statute or acted in the same manner. *Bait Prods. Pty Ltd. v. Does 1-73*, No. 6:12-CV-1637-Orl-31DAB, 2012 WL 6755274, at *3 (M.D. Fla. Dec. 14, 2012), report and recommendation adopted, No. 6:12-cv-1637-Orl-31DAB, Doc. No. 23 (M.D. Fla. Feb. 6, 2013).

Moreover, Rule 21 provides, "On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Thus, while Rule 20 is construed broadly, it "does not mandate joinder, and even when joinder is permissible, courts may refuse it or may sever plaintiffs or claims." *Rhodes*, 313 F.R.D. at 659 (quoting *Nelson v. Blue Eyed Holdings, Inc.*, No. 13–60569–CIV, 2013 WL 6238056, at *4 (S.D. Fla. Dec. 3, 2013)). That is, "even if the technical requirements for joinder are met, the Court has discretion to deny joinder if it determines that the addition of a party under Rule 20 will not foster the objectives of the rule, but will result in prejudice, expense[,] or delay." *Id.* (quoting *Malibu Media, LLC v. Doe*, 923 F. Supp. 2d 1339, 1342 (M.D.Fla.2013)); *see also A.L. v. Walt Disney Parks & Resorts, U.S., Inc.*, No. 6:14-cv-1544-Orl-22GJK, Doc. No. 94, at 2 (M.D. Fla. Oct. 30, 2014) (citations omitted) (noting that the court has broad and inherent discretion to manage its docket by among other tools, severing claims).

### III.   ANALYSIS.

Plaintiff argues that joinder is appropriate, in part, because landlords and tenants are jointly and severally liable for Title III ADA violations. Doc. No. 13, at 3-4. Plaintiff is correct that landlords and tenants are jointly liable for Title III ADA violations. *See, e.g.*, *Rush v. Sport Chalet, Inc.*, 779 F.3d 973, 974 (9th Cir. 2015). Thus, it is likely appropriate for a single landlord and a single tenant to be joined as defendants in a lawsuit alleging Title III ADA violations on the tenant's premises—for example, for Skyview and PB & PL Pizza to be joined as defendants in an action

alleging ADA violations at Bizzarro Pasta and Pizza. *Id.* (reversing dismissal of Title III ADA claims against landlord and single tenant for improper joinder and remanding for consideration of severing claims). Plaintiff, however, has cited no authority establishing that individual tenants are jointly liable for *each other's* ADA violations—for example, that Sunshine Nails would be jointly liable for an ADA violation that occurred at Bizzarro Pasta and Pizza. Thus, while Plaintiff is asserting a right to relief jointly against five separate landlord-tenant pairings, she is not asserting any right to relief jointly against *all* of the Defendants, and it is not entirely clear that "any right to relief is asserted against them [defendants who are joined in one action] jointly, severally, or in the alternative," as required by Rule 20(a)(2)(A).

Regardless, assuming that the presence of five separate joint actions in one lawsuit is enough to satisfy Rule 20(a)(2)(A), I recommend that the Court find that joinder is not appropriate in this case because all of the claims do not arise out of "the same transaction, occurrence, or series of transactions or occurrences." Rather, this lawsuit involves six logically distinct and factually separate transactions, occurrences, or series of transactions of occurrences: (1) the parking lot violations asserted against Skyview alone; (2) the violations on the premises of Bizzarro Pasta and Pizza (asserted against Skyview and PB & PL Pizza); (3) the violations on the premises of Lily's Beachside Diner (asserted against Skyview and Lily's Beachside Diner); (4) the violations on the premises of Sunshine Nails (asserted against Skyview, Sunshine Nails, and Tran); (5) the violations on the premises of Sports Page Bar and Grill (asserted against Skyview and Blue Dog Group); and (6) the violations on the premises of the Final Dimension (asserted against Skyview and The Final D). These groups of claims do not meet the "logical relationship" test because the operative facts of all six groups of claims are different—for example, the unsecured mat alleged to be present at Bizzarro Pasta and Pizza has no relationship to the alleged lack of a grab bar in the commode at

Sports Page Bar and Grill. Ultimately, this lawsuit involves nothing more than allegations that six separate groupings of defendants violated the same laws. As explained above, standing alone, this is not enough to warrant joinder of claims. *See Rhodes*, 313 F.R.D. at 659 (citing *Edwards-Bennett*, 2013 WL 3197041 at *2); *Bait Prods. Pty Ltd.*, 2012 WL 6755274, at *3.

Moreover, the fact that Plaintiff encountered these accessibility barriers at the same multi-tenant shopping center is not enough to transform fundamentally separate ADA and FADAI violations into "the same transaction, occurrence, or series or transactions or occurrences." Plaintiff allegedly encountered separate ADA and FADAI violations at each tenant's location, and her injuries at each location were distinct. *See Rush*, 779 F.3d at 975 (noting that the district court may have been correct in holding that two tenants of the same shopping center were misjoined to a Title III ADA claim against a landlord and another tenant of the shopping center because the plaintiff's injuries at each were distinct and independent from one another and she did not allege any legal relationship between them).[3]

Finally, even if I assume that Plaintiff's claims meet the technical requirements for joinder under Rule 20, I recommend that the Court exercise its discretion and sever the claims because keeping the claims in one lawsuit does not serve the purposes of joinder and creates the potential for prejudice, expense, or delay. As explained above, this lawsuit currently involves six parallel sets of ADA and FADAI violations. All six sets involve separate facts, and the Defendants may raise separate defenses. The presence of multiple, unrelated defendants may lead to individualized discovery disputes and summary judgment motions that threaten to derail the progress of other

---

[3] As noted above, Plaintiff's response to my Order to Show Cause also asserts that Plaintiff encountered these ADA and FADAI violations on the same day. Doc. No. 13, at 5. The complaint does not so allege, but, even assuming this to be true, the fact that the violations were encountered on the same day does not change the fact that they are distinct violations. The day the violations occurred is not an "operative fact" that is relevant for purposes of the logical relationship test in this case.

claims in the case and prejudice some of the Defendants—for example, if litigation of the claims involving Lily's Beachside Diner involves prolonged discovery disputes that necessitate altering case management deadlines, the claims against *all* of the other Defendants will be delayed. At the very least, case management in what amounts to six separate lawsuits involving multiple sets of unrelated Defendants will be very difficult—if not impossible—for the Court.  *See Bait Prods. Pty Ltd.*, 2012 WL 6755274 at *7 (noting the case management concerns associated with multi-defendant litigation and recommending severance).

Although I recognize that severing the cases may create some additional expense for Plaintiff (in the form of additional filing fees and duplicated attorney work), Plaintiff may recover the filing fee and attorney's fees from Defendants if she prevails in this litigation, thereby minimizing that additional burden.  *See* 42 U.S.C. § 12205; *see also Bait Prods. Pty Ltd.*, 2012 WL 6744274 at *7 (noting that plaintiff could recover filing fees and attorneys' fees if successful with its claims).[4] Plaintiff's claim that severing the cases will delay her ability to gain access to the properties at issue in this case, Doc. No. 13, at 6, is also unfounded—it is equally likely that severing the cases will allow her to resolve some of her claims against some of the Defendants more quickly, without having to wait for the resolution of all six cases.

For these reasons, I recommend that the Court sever Plaintiff's claims into six separate lawsuits. The law requires that Plaintiff pay a filing fee for each of the severed claims when those claims are filed in new cases.  *See Malibu Media, LLC v. Does 1-28*, 295 F.R.D. 527, 534 (M.D. Fla. 2012)(citing 28 U.S.C. § 1914(a)).

---

[4] Plaintiff's claim that Skyview will be prejudiced if the claims are severed is also overstated. While Skyview will find itself a defendant in six separate actions, the facts of the actions are so distinct that Skyview's duplication of effort should be minimal. Indeed, it is equally likely that Skyview will find it easier to deal with one Defendant or related group of Defendants at a time, rather than trying to coordinate with five other Defendants on every issue that may arise.

**IV.   RECOMMENDATIONS.**

For the reasons stated above, I **RESPECTFULLY RECOMMEND** that the Court do the following:

(1) Sever this case into separate lawsuits, as specified below, with the claims Plaintiff asserts jointly against Skyview and PB & PL Pizza remaining in the instant case;

(2) Require Plaintiff to file an amended complaint in this case that asserts only the claims she pursues jointly against Skyview and PB & PL Pizza;

(3) Require Plaintiff to file separate actions for the remainder of her claims and to pay a filing fee for each new case. If Plaintiff continues to assert the claims alleged in the current complaint, the separate actions should be filed as follows:

   a. One action asserting the claims she pursues jointly against Skyview and Lily's Beachside Diner;

   b. One action asserting the claims she pursues jointly against Skyview, Sunshine Nails, and Tran;

   c. One action asserting the claims she pursues jointly against Skyview and Blue Dog Group;

   d. One action asserting the claims she pursues jointly against Skyview and The Final D; and

   e. One action asserting only the claims for which Skyview is solely liable (the parking violations identified in Paragraph 35(a)-(b) of the current complaint).

(4) Require the Clerk of Court to advise chambers when the severed claims are filed as new cases so that the Court may consider whether to consolidate all cases filed pursuant to this Order before the same District Judge and Magistrate Judge.

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on January 26, 2017.

          *Karla R. Spaulding*
          KARLA R. SPAULDING
          UNITED STATES MAGISTRATE JUDGE